UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

GINA KRAHN,

    Plaintiff,

v.                                        CASE NO.:

DISCOVER FINANCIAL SERVICES,

    Defendant.

_____/

## COMPLAINT

1. Plaintiff Gina Krahn ("Plaintiff") alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

2. In complete disregard for the TCPA, Defendant Discover Financial Services ("Defendant") has placed more than 200 unsolicited and unwanted phone calls to Plaintiff's cellular telephone without permission to do so.

3. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices. Senator Fritz Hollings, the original bill's sponsor, remarked that indiscriminate "calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall…. These calls are a nuisance and an invasion of our privacy."[1]

4. Congress's intent in passing the TCPA in 1991 was clear – to eliminate unwanted phone calls which create a burden on the call's recipient. Yet, over two decades later, Defendant

---

[1] (Congressional *Record – Senate Proceedings and Debates of the 102nd Congress, First Session.* July 11, 1991, 137 Cong. Rec. S9840, S9874.)

1

continuously flaunts the law by making illegal calls in furtherance of its business model, to the detriment of Plaintiff.

5. Congress vested the Federal Communication Commission ("FCC") with the authority to issue regulations implementing the TCPA. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. FCC Declaratory Ruling, 23 F.C.C.R. at 565.

6. The TCPA prohibits the use of automated telephone equipment ("autodialers") to make any call to a wireless telephone number in the absence of an emergency or the prior express consent of the called party.[2] The FCC has opined that the ability to dial numbers without any human intervention in the calling process is the hallmark of an autodialer.[3]

## JURISDICTION AND VENUE

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331 and 47 U.S.C. Sec. 227. Federal courts have jurisdiction over private suits arising under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

7. The violations described in the Complaint occurred in Knox County, Tennessee. Venue in this District is proper because Plaintiff resides here, and Defendant does business and places phone calls into this District.

---

[2] 47 U.S.C. §. 227(b)(1)(A)(iii).
[3] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Tennessee, residing in Knox County, Tennessee.

9. Defendant, Discover Financial Services, is a corporation, which was formed in 1985 with its principal address at 2500 Lake Cook Road, Riverwoods, Illinois 60015.

10. Defendant called Plaintiff's cellular telephone at least two hundred (200) times since March 2014. These calls were made purportedly to collect a debt, however Plaintiff does not and has not had a lending relationship with Defendant or otherwise incurred a debt with Defendant. As a result, Defendant has called Plaintiff more than 200 times seeking to collect a debt that she does not owe.

11. The law in this area is clear. "No person or entity may . . . initiate any telephone call . . . using an automatic telephone dialing system or an artificial prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged."[4]

12. The only exception to this rule does not apply here. While a person can provide authorization to receive autodialed calls by following a proscribed process set out in the TCPA, Defendant did not obtain such consent in this matter. In fact, given that Plaintiff had and has no relationship with Defendant other than receiving incessant calls, Plaintiff never provided her cell phone number to Defendant.

13. Once the unwelcome calls began, Plaintiff informed Defendant that it was calling a wrong number and that Plaintiff did not wish to be called again. Despite this instruction, Defendant continued to call at an alarming rate.

---

[4] 47 C.F.R. 64.1200.

14. Each call Defendant made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1). When a call would come in from Defendant, there was a delay and clicking until a live voice came on the line.

15. As demonstrated above, each call Defendant made to Plaintiff's cell phone was done so without the "express permission" of Plaintiff. In fact, these calls were made despite the express instruction to stop calling.

16. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

17. Despite a clear requirement to do so imposed by the TCPA, Defendant's corporate policy provided no means for Plaintiff to have her number removed from the call list. The effect of this policy is that Defendant continues to harass and abuse individuals, such as Plaintiff, despite actual knowledge that the called parties do not wish to be called.

18. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

19. Defendant's willfully and/or knowingly violated the TCPA with respect to Plaintiff.

### COUNT I
**(Violation of the TCPA, 47 U.S.C. §227 *et seq*.)**

20. Plaintiff incorporates all preceding Paragraphs as if fully restated herein.

21. None of Defendant's auto-dialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

22. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

23. Defendant willfully violated the TCPA with respect to Plaintiff because (a) Defendant made calls even though it knew that it had not acquired express consent for the calls in the manner required by the TCPA, and (b) Defendant made calls after Plaintiff notified Defendant that they were calling the wrong number and to stop calling Plaintiff.

24. Defendant knowingly violated the TCPA with respect to Plaintiff because (a) Defendant made calls even though it knew that it had not acquired express consent for the calls in the manner required by the TCPA, and (b) Defendant made calls after Plaintiff notified Defendant that they were calling the wrong number and to stop calling Plaintiff.

25. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

26. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to treble damages, as provided by statute, up to $1,500 for each and every violation, pursuant to 47 U.S.C. § 227 (b)(3)(B) and 47 U.S.C. § 227 (b)(3)(C).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Filed this the 3rd day of June, 2015.        Respectfully submitted,

*/s/ Lisa A. White*

Lisa A. White (TN BPR #026658)
Gregory F. Coleman (TN BPR #014092)
GREG COLEMAN LAW PC
Bank of America Center
550 Main Avenue, Suite 600
Knoxville, Tennessee 37902
Tel: 865-247-0080
Fax: 865-522-0049
greg@gregcolemanlaw.com
lisa@gregcolemanlaw.com

Allen Carney (*pro hac vice* to be filed)
Randall K. Pulliam (*pro hac vice* to be filed)
CARNEY BATES & PULLIAM, PLLC
2800 Cantrell Road, Suite 510
Little Rock, Arkansas  72202
Telephone:  (501) 312-8500
Facsimile:  (501) 312-8505
acarney@cbplaw.com
rpulliam@cbplaw.com